UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KEVIN LASALLE**                                              **CIVIL ACTION NO. 11-1692**

**V.**                                                                    **SECTION P**

                                                                              **JUDGE TRIMBLE**

**WARDEN MOREHOUSE PARISH**
**DETENTION CENTER**                                       **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to the provisions of 28 U.S.C. § 2254[1] on September 20, 2011, by *pro se* petitioner Kevin LaSalle. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Morehouse Parish Detention Center (MPDC). Petitioner complains that he is being held beyond his release date of October 26, 2010. More specifically, he states that his plea agreement has been violated as he did not agree to "flat time." Doc. 1, p. 2.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to proceeding in federal court.

*Statement of the Case*

Petitioner provided little information in support of his claims herein. However, the court was able to get needed information by reviewing the information provided by petitioner in a civil

---

[1] Although filed as a §2254, this matter may be more properly classified as seeking relief pursuant to 28 U.S.C. §2241. The court reaches the same result under either statute.

-1-

rights suit filed pursuant to 42 U.S.C. § 1983 on July 11, 2011, in the Western District of Louisiana, Monroe Division, Civil Action No. 3:11-cv-1322.

In his original and amended complaints in the civil matter, petitioner alleged that he was arrested on July 7, 2008, in Cameron Parish, and convicted of some unspecified felony offense there on March 24, 2009. [11-cv-1322, doc. 1, ¶ 3(A)]. He implied that his release date was October 26, 2010 [*Id.* at doc. 1, p. 4; doc. 5, ¶ V]; however, he did not explain why he remained in custody. Petitioner also claimed to have filed an application for post-conviction relief with the Cameron Parish Clerk of Court that was never received by the Clerk of Court. [ *Id.* at doc. 5, att. 1, pp. 1–2].

On August 30, 2011, plaintiff was ordered to amend his complaint. Among other things, he was directed to provide a detailed description of the reason for his incarceration—the nature of the crime of which he was convicted, the sentence that was imposed, whether or not he appealed his conviction, and the exact nature of the post-conviction claims he wished to file. He was also instructed to provide the relevant dates and state whether he attempted to re-file his post-conviction application and if so, the status of the application." [*Id.* at doc. 8].

On September 7, 2011, petitioner submitted an amended complaint. [*Id.* at doc. 9]. This somewhat disjointed pleading indicated that plaintiff was convicted of possession of controlled dangerous substances and possession of stolen things on March 24, 2009. Petitioner alleged that he did not appeal his Cameron Parish conviction and that the reason he sought post-conviction relief was "being held over my release [date] . . .." He also claimed that upon discovering that his original application for post-conviction relief was not received by the Cameron Parish authorities, he "didn't apply again for another post conviction [due] to this incident which expired my 2 year [expiration] date to file the post conviction."

Plaintiff attached copies of the Department's Master Record dated November 16, 2009. According to that document, his good time release date was October 26, 2010, and his full term release date is July 7, 2013. These calculations were apparently based on the fact that on March 24, 2009, he was sentenced to serve concurrent five year sentences following his convictions for possession of cocaine and illegal possession of stolen property. The Master Record also revealed that he had been previously convicted of possession with intent to distribute cocaine on April 25, 2006, and placed on probation; however, based on the new felony convictions, his probation was revoked and he was ordered to serve an additional five years. It does not appear that this sentence was made concurrent with his other two sentences. [*Id.* at doc. 9, att. 1, p. 1].

As previously stated, the majority of the referenced information was obtained from petitioner's previously filed civil rights suit. Fortunately, this court was able to use the information to aid in its review of the present matter in which petitioner claims that he was entitled to be released in accordance with his October 26, 2010, good time release date rather than his full term release date of July 7, 2013.

### *Law and Analysis*

Federal law is clear: a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas* relief whether he seeks relief pursuant to 28 U.S.C. § 2241 or § 2254. *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523.

Further, as a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Since petitioner seeks a speedier release from custody and since *habeas corpus* is his sole remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies.[3]

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Petitioner's pleadings were silent with respect to the issue of whether or not he fully exhausted available state court remedies before proceeding to federal court. Nevertheless, a review of the presumptively reliable published jurisprudence of the State of Louisiana establishes that petitioner has not litigated any claims before the Louisiana Supreme Court. The available evidence establishes beyond any doubt that petitioner has not fully exhausted the claim he brings in this petition for federal *habeas corpus*.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** since it plainly appears that the petitioner has failed to exhaust all available state court remedies.

---

[3] Petitioner *may* have exhausted administrative remedies; however, before proceeding in federal court, he must litigate the substance of his federal constitutional claims in the Louisiana courts.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 28th day of February, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE